# EXHIBIT 1

# NOTICE OF REMOVAL



Select Language ▼

Powered by Google Translate

# Civil Court Case Information – Case History

### Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2021-050997 | Judge: | Campagnolo, Theodore |
| File Date: | 3/29/2021 | Location: | Northeast |
| Case Type: | Civil | | |

### Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Frederick S Hubbell | Plaintiff | Male | Steven Kramer |
| Charlotte B Hubbell | Plaintiff | Female | Steven Kramer |
| Arthur J Gallagher & Company | Defendant | | Pro Per |
| Arthur J Gallagher Risk Management Services Inc | Defendant | | Pro Per |

### Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 3/29/2021 | COM - Complaint | 3/30/2021 | |
| **NOTE:** Complaint | | | |
| 3/29/2021 | CSH - Coversheet | 3/30/2021 | |
| **NOTE:** Civil Cover Sheet | | | |
| 3/29/2021 | CCN - Cert Arbitration - Not Subject | 3/30/2021 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 3/29/2021 | SUM - Summons | 3/30/2021 | |
| **NOTE:** Summons | | | |
| 3/29/2021 | SUM - Summons | 3/30/2021 | |
| **NOTE:** Summons | | | |

### Case Calendar

**There are no calendar events on file**

### Judgments

**There are no judgments on file**

Clerk of the Superior Court
*** Electronically Filed ***
L. Overton, Deputy
3/29/2021 7:43:55 PM
Filing ID 12710720

**Steven P. Kramer, Arizona Bar # 010962**
**Law Office of Steven P. Kramer**
**4249 E. Sahuaro Drive**
**Phoenix, Arizona 85028**
**Tel: 602-558-5580 / Fax: 602-680-5033**
**steve@kramerlawaz.com**
*Attorney for Plaintiffs Frederick and Charlotte Hubbell*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## MARICOPA COUNTY

| | |
|---|---|
| FREDERICK S. HUBBELL and CHARLOTTE B. HUBBELL, wife and husband, | **Case No.: CV2021-050997** |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| ARTHUR J. GALLAGHER & COMPANY, a foreign corporation; ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.; JOHN DOES 1-5; JANE DOES 1-5; XYZ CORPORATIONS 1-5, | **Negligence (non-motor vehicle) (Tier 3)** |
| Defendants. | |

    1.      Plaintiffs Frederick S. Hubbell and Charlotte B. Hubbell are, and at all relevant times were, husband and wife, and residents of Polk County, Iowa, who, at all relevant times, possessed real property and motor vehicles located in Maricopa County, Arizona, and spent parts of their winters in Maricopa County, Arizona.

    2.      At all relevant times, Defendant Arthur J. Gallagher & Co., (hereafter, "GALLAGHER CO.") is and was a foreign corporation, authorized to do business by the State of Arizona, and doing business in Maricopa County, Arizona, Polk County, Iowa,

Woodbury County, Iowa, and other jurisdictions.  Upon information and belief,

GALLAGHER CO. is a Delaware corporation.

3.      At all relevant times, Defendant Arthur J. Gallagher Risk Management

Services, Inc., (hereafter, "GALLAGHER RISK MANAGEMENT") is and was a foreign

corporation, authorized to do business by the State of Arizona, and doing business in

Maricopa County, Arizona, Polk County, Iowa, Woodbury County, Iowa, and other

jurisdictions.  Upon information and belief, GALLAGHER RISK MANAGEMENT is an

Illinois corporation.

4.      Defendants GALLAGHER CO. and GALLAGHER RISK

MANAGEMENT (collectively, "Defendants" or "GALLAGHER") provide insurance

procurement and risk management services and, at all relevant times, served as Plaintiffs'

insurance broker, providing advice and procuring insurance coverage for Plaintiffs'

homes, possessions and vehicles, including homes, possessions and vehicles located in

Maricopa County, Arizona.  Defendants GALLAGHER CO. hold themselves out to the

public and to Plaintiffs as skilled and knowledgeable in providing insurance advice and

procuring excellent insurance protection to clients.

5.      Marketing their Private Client Services, GALLAGHER represents to the

public:

> "We develop tailored solutions and provide advice to help protect and
> maintain your lifestyle for when the unfortunate occurs. Our team of
> experienced professionals provides the highest level of service and

stewardship, and understands that significant personal assets and wealth require a higher level of expertise and service. Every day, our clients face challenges across a range of issues. We are committed to recommending what is in the client's best interests – not ours – and to deliver on our promises.," and:

"We view our responsibility as more than a provider of products; we are advisors. Our Private Client Services practice is comprised of professionals with extensive knowledge about the specialized needs of highly success (sic) families and individuals. Our innovative solutions can address almost any of your potential liabilities. By leveraging our local and global expertise, we are able to curate private risk management programs designed specifically to protect the assets, lifestyle, reputation and future of our clients."

6.      GALLAGHER have continuously and systematically marketed and operated businesses in Arizona, targeting Arizona clients, and in Iowa, targeting Iowa clients, including Iowa clients like Plaintiffs, who owned and insured risks, vehicles and property located in multiple states.

7.      Defendants JOHN DOES I-5; JANE DOES 1-5 and XYZ CORPORATIONS 1-5 are fictitious names for persons or entities whose names are unknown, but who are liable for the negligent acts, omissions, breaches and damages that are the subject of this Complaint.  The true names or capacities, whether individual, corporate, partnership, associate or otherwise of the fictitious Defendants are unknown to Plaintiffs, and therefore Plaintiffs filed suit against said Defendants and each of them by such fictitious names.  Plaintiffs reserve the right to amend this Complaint to substitute their correct names if and when those names come to light.

8.      Defendants, at all relevant times, owned, operated, maintained, did business at, and are responsible for the Arthur J. Gallagher & Co. entities located at 1415 28th Street, Suite 300, West Des Moines, Iowa, 50266, and 4280 Sergeant Road, Suite 200, Sioux City, Iowa, 51106, and all Arthur J. Gallagher entities through which Plaintiffs purchased insurance.  Defendants operate one of the largest insurance brokerages in the world.

9.      This action arises out of an event that occurred in Maricopa County, Arizona.

10.     The jurisdictional amount established for filing this action is satisfied, and this Court has jurisdiction over the parties and subject matter of this action.

11.     Venue is proper in this Court.

### GENERAL ALLEGATIONS

12.     For longer than the past 10 years, and at all relevant times, Plaintiffs have purchased insurance for their homes, automobiles and property through Defendants, and have relied on Defendants and Defendants' employees to provide insurance advice and procure insurance, including Uninsured and Underinsured Motorist Coverage (hereafter "UM/UIM"), and Umbrella coverage that provided excess UM/UIM coverage.

13.     In Plaintiffs' marriage, Frederick Hubbell had the role of communicating with insurance brokers and making decisions concerning the purchase of insurance

coverage.  Plaintiffs historically have purchased Umbrella Liability coverage, and UM/UIM Umbrella coverage.  Already purchasing an Umbrella policy with $10 Million limits to protect their assets (and other people in the event Plaintiffs caused injury), Plaintiffs also have always intended to purchase excess protection for themselves from uninsured or underinsured motorists.

14.     On February 15, 2019, Plaintiff Frederick Hubbell was riding his bicycle in Scottsdale, Arizona, when a negligent and careless motorist struck him, causing catastrophic injuries, including a complex, severely comminuted acetabular fracture of his pelvis. An acetabular fracture involves breaks in the socket portion of the ball-and-socket hip joint. The injury required three major surgeries, and months of therapy and rehabilitation.

15.     On March 29, 2019, Plaintiffs flew back to Iowa. Frederick Hubbell participated in physical therapy and aquatic therapy, but by May 2019, it was determined that the fractured hip would need to be replaced.  Replacement occurred in June 2019, followed by rehabilitation and therapy.

16.     In May 2019, Mr. Hubbell contacted Defendants concerning his insurance coverage, and spoke with Defendants' agent, Mike McCoy.  On May 13, 2019, Mr. McCoy e-mailed Mr. Hubbell, and informed him that his policy did not provide Umbrella UIM coverage.  Mr. McCoy acknowledged that the Hubbells had previously carried UIM coverage, but that "this changed" when they changed carriers "from Chubb to ACE."

17.   Defendants never advised Plaintiffs that Defendants had stopped procuring UIM Umbrella coverage, or that by switching from Chubb to ACE, Plaintiffs would be unable to purchase UIM Umbrella coverage.

18.   Before May 2019, Defendants never advised nor notified Plaintiffs that their Umbrella policies no longer included UIM coverage.

19.   Consistent with Plaintiffs' longstanding desire to carry UM/UIM Umbrella coverage, after learning that Defendants had failed to procure it, Plaintiffs requested it, and Defendants procured a 5/21/2019 policy endorsement that prospectively provided Plaintiffs with $2 Million UIM Umbrella coverage, for an additional premium of $27.

20.   Defendants' failure to procure UIM Umbrella coverage for the 2018-2019 policy year (which included February 2019) was a direct result of Defendants' negligence and misrepresentations, and was contrary to Defendants' representations to Plaintiffs.

21.   In 2015, Defendants advised Plaintiffs to switch insurance carriers, from Chubb to ACE.  As inducement for Plaintiffs to change from Chubb to ACE, Defendant's employee, Danita Blessing, stated in a May 27, 2015 e-mail to Mr. Hubbell: "I will have an actual detailed coverage summary for you.  ACE offers the same benefits of Chubb [sic], and they are a very good company."

22.   Defendants sent Plaintiffs a folder with an 11-page document prepared by

Ms. Blessing, dated the next day, May 28, 2015, called "2015-16 Policy Renewal Summary," which shows, at page 10, that the policy included $1 Million Excess UM/UIM coverage, and that the excess coverages would cost $1,049:



23.     Plaintiffs purchased the ACE Policy, for the previously quoted price, $1,049, and the ACE Platinum Portfolio Umbrella Declarations page shows what appears to be a $10 Million UM/UIM coverage limit.

24.     Plaintiffs had no reason to believe that when they changed from Chubb to ACE, that they would be losing their UM/UIM Umbrella coverage.  In fact, it appeared they were receiving $10 Million UM/UIM Umbrella coverage.

25.     The premiums for the ACE Umbrella policies that Defendants subsequently procured for Plaintiffs (2016-2020) increased each year.  Defendants provided no notice that Defendants had discontinued or were discontinuing Plaintiffs' UM/UIM Umbrella coverage.  With ever-increasing Umbrella coverage premiums, Plaintiffs had no reason to suspect they were actually getting less coverage, and no UM/UIM Umbrella coverage.

26.     Upon information and belief, in 2015, when Defendants recommended Plaintiffs change from Chubb to ACE, and assured Plaintiffs that ACE provided the same benefits as Chubb, and quoted an Umbrella policy that included $1 Million UIM Umbrella coverage for $1,049, and sold them the Umbrella policy for $1,049, Defendants neglected to procure or verify that the Umbrella policy they purchased included the quoted excess UM/UIM coverage.  Defendants carried forward this error or omission, until it was discovered in 2019.

27.     At no point did Defendants inform Plaintiffs that they had stopped procuring UM/UIM Umbrella coverage.  Plaintiffs justifiably assumed that, like their Chubb policies, and their first ACE policy, each succeeding policy provided UM/UIM Umbrella coverage.  Defendants' error was not discovered until after Mr. Hubbell's catastrophic injury.

28.     In 2020, Plaintiffs recovered underlying liability and UIM limits of $1.1 Million.  The value of Plaintiffs' claims far exceeds this amount, and includes medical expenses in excess of $557,000; shock, trauma and terror; enormous pain and suffering, disability, disfigurement, loss of enjoyment of life, mental anguish and aggravation; replacement of a healthy, natural hip with an artificial hip.  During Mr. Hubbell's long periods of hospitalization and recovery, Charlotte Hubbell's suffered a loss of companionship and loss of normal interaction and activities with her husband.

### COUNT I – NEGLIGENCE

29.     Plaintiffs reallege and incorporate paragraphs 1 through 28 of this Complaint.

30.     Defendants had a duty to exercise reasonable diligence, care and judgment in procuring insurance for Plaintiffs.  Under the applicable standard of care, an insurance broker who has been procuring excess UM/UIM protection for a client for years cannot tell the client that he will continue receiving it, quote coverage that includes it, and then, for the same premium (and higher premiums in succeeding years), stop procuring it. This is true whether the failure to procure was a clerical error, or was intended by the broker, who did not notify the insurer of the discontinuation.

31.     Under the applicable standard of care, when a client has historically requested and purchased UM/UIM Umbrella coverage, it is negligent for an insurance agent or broker to discontinue that coverage without explicitly notifying the client that it

will no longer procure the coverage. Defendants breached that standard.

32.     Defendants' failure to procure UM/UIM umbrella coverage constituted a failure to follow the directions of Plaintiffs, and ignored the stated needs of Plaintiffs, and, thus breached Defendants' duty of care.  Plaintiffs never directed Defendants to stop procuring UIM/UM Umbrella coverage, and if Plaintiffs were aware that Defendants had discontinued this coverage, Plaintiffs would have directed Defendants to procure it, as they did in May 2020.

33.     As a direct result of Defendants' negligence and breach of duty, Plaintiffs' personal injury recoveries were limited to $1.1 Million available coverage, even though the value of Plaintiffs' personal injury claims far exceed that amount.  Defendants' negligence caused Plaintiffs to lose at least $1 Million of UIM insurance coverage, and, thus, caused Plaintiffs to lose up to at least $1 Million.

WHEREFORE, Plaintiffs Frederick Hubbell and Charlotte Hubbell pray for judgment in their favor for the full value of their claims for personal injury damages, including, without limitation, damages alleged in Paragraphs 14, 15 and 28 of this Complaint, less $1.1 Million (limits recovered from liability and primary UIM policies), and any other damages that shall be proven at trial, with prejudgment interest as awardable by law, an award of taxable costs and expenses under A.R.S. 12-341, reasonable attorneys' fees under A.R.S. § 12-341.01, and such other relief that the Court deems just and proper.

1

## DAMAGE/DISCOVERY TIER

2

3

Because the damages in this action significantly exceed $300,000, and because the

4

issues in this lawsuit include both the value of Plaintiffs' personal injury claim and

5

Defendants' negligent failure to procure excess UIM coverage, the case should be

6

assigned to **Tier 3**.

7

## JURY DEMAND

8

9

In the event trial of this matter becomes necessary, Plaintiffs request a trial by

10

jury.

11

Dated this _29th_ day of March, 2021

12

13

**Law Office of Steven P. Kramer**

14

15

By: _____

16

Steven P. Kramer
4249 E. Sahuaro Drive

17

Phoenix, Arizona 85028
Tel: 602-558-5580 / Fax: 602-680-5033

18

e-mail: *steve@kramerlawaz.com*

19

*Attorney for Plaintiffs Frederick Hubbell and Charlotte Hubbell*

20

21

22

23

24

25

26

**Steven P. Kramer, Arizona Bar # 010962**
**Law Office of Steven P. Kramer**
**4249 E. Sahuaro Drive**
**Phoenix, Arizona 85028**
**Tel: 602-558-5580 / Fax: 602-680-5033**
**steve@kramerlawaz.com**
*Attorney for Plaintiffs Frederick and Charlotte Hubbell*

### SUPERIOR COURT OF THE STATE OF ARIZONA

### MARICOPA COUNTY

FREDERICK S. HUBBELL and CHARLOTTE B. HUBBELL, wife and husband,

     Plaintiffs,

 vs.

ARTHUR J. GALLAGHER & COMPANY, a foreign corporation; ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.; JOHN DOES 1-5; JANE DOES 1-5; XYZ CORPORATIONS 1-5,

     Defendants.

**Case No.:**

**CERTIFICATE REGARDING EXPERT TESTIMONY**

Pursuant to A.R.S. § 12-2602, Plaintiffs certify that The undersigned hereby certify that this case involves negligence on the part of corporations licensed to sell insurance, and that expert witness testimony may be necessary to prove the applicable standard of care and liability in the above-captioned matter.

Dated this _29th_ day of March, 2021

**Law Office of Steven P. Kramer**

By: _____
    Steven P. Kramer
    4249 E. Sahuaro Drive

1

2
Phoenix, Arizona 85028
Tel: 602-558-5580
3
Fax: 602-680-5033
e-mail: *steve@kramerlawaz.com*
4
*Attorney for Plaintiffs Frederick Hubbell and Charlotte Hubbell*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Hubbell v Gallagher                Expert Testimony Certificate                page  2

Clerk of the Superior Court
*** Electronically Filed ***
L. Overton, Deputy
3/29/2021 7:43:55 PM
Filing ID 12710721

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorney:**
Steven P Kramer
Bar Number: 010962, issuing State: AZ
Law Firm: Law Office of Steven P Kramer
4249 E Sahuaro Drive
Phoenix, AZ 85028
Telephone Number: (602)558-5580
Email address: steve@kramerlawaz.com

**CV2021-050997**

**Plaintiffs:**
Frederick S. Hubbell
4249 E. Sahuaro Drive
Phoenix, AZ 85028
Telephone Number: (602)558-5580
Email address: steve@kramerlawaz.com

Charlotte B. Hubbell
4249 E. Sahuaro Drive
Phoenix, AZ 85028
Telephone Number: (602)558-5580
Email address: steve@kramerlawaz.com

**Defendants:**
Arthur J. Gallagher & Co.
2850 Golf Road
Rolling Meadows, IL 60008

Arthur J. Gallagher Risk Management Services, Inc
2850 Golf Road
Rolling Meadows, IL 60008

Discovery Tier t3
Amount claimed $1,000,000.00

Case Category: Tort Non-Motor Vehicle

AZturboCourt.gov Form Set #5562747

Case Subcategory: other

Clerk of the Superior Court
*** Electronically Filed ***
L. Overton, Deputy
3/29/2021 7:43:55 PM
Filing ID 12710722

Person/Attorney Filing: Steven P Kramer
Mailing Address: 4249 E Sahuaro Drive
City, State, Zip Code: Phoenix, AZ 85028
Phone Number: (602)558-5580
E-Mail Address: steve@kramerlawaz.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010962, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Frederick S. Hubbell, et al.
Plaintiff(s),
v.
Arthur J. Gallagher & Co., et al.
Defendant(s).

Case No.  **CV2021-050997**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Steven P Kramer /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #556274T

1   **Steven P. Kramer, Arizona Bar # 010962**
2   **Law Office of Steven P. Kramer**
    **4249 E. Sahuaro Drive**
3   **Phoenix, Arizona 85028**
    **Tel: 602-558-5580 / Fax: 602-680-5033**
4   **steve@kramerlawaz.com**
5   *Attorney for Plaintiffs Frederick and Charlotte Hubbell*

6                **SUPERIOR COURT OF THE STATE OF ARIZONA**

7                          **MARICOPA COUNTY**

8
9   FREDERICK S. HUBBELL and CHARLOTTE      )
    B. HUBBELL, wife and husband,           )   **Case No.:**
10                                          )
         Plaintiffs,                        )
11    vs.                                   )
                                            )
12  ARTHUR J. GALLAGHER & COMPANY,          )   **CERTIFICATE REGARDING**
    a foreign corporation; ARTHUR J.        )     **EXPERT TESTIMONY**
13  GALLAGHER RISK MANAGEMENT               )
    SERVICES, INC.; JOHN DOES 1-5; JANE     )
14  DOES 1-5; XYZ CORPORATIONS 1-5,         )
                                            )
15       Defendants.                        )
                                            )
16  _____

17       Pursuant to A.R.S. § 12-2602, Plaintiffs certify that The undersigned hereby

18  certify that this case involves negligence on the part of corporations licensed to sell

19  insurance, and that expert witness testimony may be necessary to prove the applicable

20  standard of care and liability in the above-captioned matter.

21
22       Dated this **_29ᵗʰ_** day of March, 2021

23                **Law Office of Steven P. Kramer**

24                By: _____

25                     Steven P. Kramer
                       4249 E. Sahuaro Drive
26

Hubbell v Gallagher         Expert Testimony Certificate         page 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Phoenix, Arizona 85028
Tel: 602-558-5580
Fax: 602-680-5033
e-mail: *steve@kramerlawaz.com*

*Attorney for Plaintiffs Frederick Hubbell and Charlotte Hubbell*

Clerk of the Superior Court
*** Electronically Filed ***
L. Overton, Deputy
3/29/2021 7:43:55 PM
Filing ID 12710723

Person/Attorney Filing: Steven P Kramer
Mailing Address: 4249 E Sahuaro Drive
City, State, Zip Code: Phoenix, AZ 85028
Phone Number: (602)558-5580
E-Mail Address: steve@kramerlawaz.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010962, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Frederick S. Hubbell, et al.<br>Plaintiff(s),<br>v.<br>Arthur J. Gallagher & Co., et al.<br>Defendant(s). | Case No.  **CV2021-050997**<br><br>**SUMMONS** |

To: Arthur J. Gallagher & Co.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 29, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *LAMAAR OVERTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5562747

Clerk of the Superior Court
*** Electronically Filed ***
L. Overton, Deputy
3/29/2021 7:43:55 PM
Filing ID 12710724

Person/Attorney Filing: Steven P Kramer
Mailing Address: 4249 E Sahuaro Drive
City, State, Zip Code: Phoenix, AZ 85028
Phone Number: (602)558-5580
E-Mail Address: steve@kramerlawaz.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 010962, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

Frederick S. Hubbell, et al.
Plaintiff(s),
v.
Arthur J. Gallagher & Co., et al.
Defendant(s).

Case No.  **CV2021-050997**

**SUMMONS**

To: Arthur J. Gallagher Risk Management Services, Inc

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 29, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *LAMAAR OVERTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5562747